Scott, J.
From the record in this case, it appears that on the 11th of July, 1855, the trustees of Plain township, in Wood county, met, on the application of John Coen, and located a certain ditch, and apportioned the labor and expense of its construction, among those interested. This location and apportionment were completed on the 13th July. On the 3d day of August the defendants in error filed with the probate judge of the county, a petition for the appointment of commissioners of review, and on the same day gave bond according to law.
On the 6th day of August, 1855, the probate judge appointed John Bates, N. D. Blinn and George Powers, commissioners of review, and issued to them an order to meet at a certain time and place, and review the location of the ditch, etc. On the 7th day of September, they reported against making the ditch, on the ground that it was unnecessary, and would be of no benefit to the owners of the lands in its vicinity, whether located as had been done by the trustees, or as asked for by any of the parties, and that there was no outlet, nor any provisions for making one.
To this report the plaintiffs in error filed exceptions, among which are that the commissioners report against any ditch, when the order only authorized a change in the location; that the report in that particular did not conform to the provisions of the statute; and because the report was against a ditch on the ground of want of an outlet, when the reviewers took no level of the lands, and *230 had no means of determining that fact except by the statements of the appellants. On the 25th of September, 1855, said exceptions came on to be heard before said probate judge and were sustained, and the report of said commissioners of review set aside.
The court then appointed Collister Haskins, John Johnson, and Henry Shively, commissioners of review in the room and place of those removed, and on the same day issued to them an order to review said ditch, and on the 3d October, 1855, they reported “that we would indorse the proceedings of the trustees of said township, believing that said ditch is necessary for the benefit of all concerned, and the apportionment and costs just and right.”
Thereupon the probate court confirmed said report, and rendered judgment against the appellants for costs and expenses of review.
A petition in error was then filed to reverse the order of the probate court, which was affirmed in the court of common pleas, at its March term, 1856.
A petition in error was then filed in the district court of "Wood county, and said court, at its May term, 1856, reversed the judgment of the court of common pleas, and the order of the probate court subsequent to the filing of the report of the first commissioners of review.
The plaintiffs in error now seek to reverse this judgment of the district court, and make the following assignment of errors:
1. That the district court erred in reversing the judgment of the court of common pleas.
2. In reversing the order and judgment of the probate court.
3. That the district court has no jurisdiction to review the proceedings of a probate court in civil cases.
4. That the district court erred in rendering judgment for the costs that had accrued in the common pleas and probate courts.
These last three alleged errors do not require separate *231 examination. If there was no error in reversing the judgment of the common pleas, then, the code (sec. 526) clearly authorized the district court to “ proceed to render such judgment as the court below should have rendered.” If the court of common pleas should have reversed the order of the probate court, such reversal by the district court, and judgment for costs, were neither without jurisdiction nor erroneous. They were simply the judgment which the court of common pleas should have rendered.
Our inquiries, then, may be confined to the error first assigned.
The proceedings, in this case, by the township trustees, and in the probate court, were had under the “act authorizing the trustees of townships to establish water courses and locate ditches in certain cases,” passed May 1, 1854. Swan’s Rev. Stat. 333. The main question in the case is, as to the power of the probate court under this statute to set aside the report of the commission of review, and thereupon to supersede the commissioners, and appoint a new commission in their stead. It is said, in argument, that this was properly done, because the report of the commissioners was against the location of a ditch in toto, whilst under the statute, neither they nor the trustees were authorized to exercise any discretion on this question, but could only decide, in case of disagreement among the parties interested, where the ditch should be located and opened, and apportion the work and expenses equitably. Is this a proper construction of the statute? Ve shall not quote the provisions of the statute in detail, but it is clear that it permits any one person holding and owning lands which he may desire to have drained, to make application to the township trustees for the location and opening of a ditch for that purpose. Such proposed ditch may'affect the interests of twenty other persons.
The second section requires the applicant to give notice in writing to all persons interested, if resident within the county, or by publication in a newspaper if not so resi *232 dent, before any action can be taken in the case by the trustees. All these other interested persons may regard the proposed ditch as wholly unnecessary. The trustees may be satisfied, upon examination, that it would be impracticable to locate the ditch so as to benefit any of the parties in a degree at all proportioned to the expense which the work would involve, or to the injury which it would inflict upon others. In short, they may regard the applicant’s project as wholly unreasonable. But are they notwithstanding bound, against all discretion, to proceed and locate the ditch? The language of the statute must-be clear, and unmistakable indeed, to justify a construction so unreasonable. But the language of the first section is, “said trustees shall cause said water course or ditch to be located and surveyed, if necessary.” The important clause, “if necessary,” may very fairly be construed as applying to the location as well as to the survey. The trustees are required neither to locate nor to survey, unless in their judgment it be necessary.
But the order which the trustees may make in the case, if unsatisfactory to any of the parties, may be vacated by an appeal to the probate court. The tenth section provides that “when any person shall feel aggrieved by the location of any such ditch or water course, or the award and apportionment of such labor and expense by the township trustees, he or she may, within ten days next ensuing, give notice in writing, to all other persons interested in the same, of his intention to appeal from the decision of the trustees as aforesaid, to the probate judge of the proper county, and shall, within fifteen days thereafter, make application to said judge of probate, setting forth his or her grievances, and praying him to appoint a commission to review the same.”
The eleventh section requires the appellant to file a bond with sureties in the penal sum of one hundred dollars, conditioned for the payment of all costs that may *233 accrue in consequence of such, application for a commission of review.
The twelfth section requires the probate judge thereupon to “ appoint a commission of three disinterested freeholders of said county, not residents of the township or townships in which such proposed ditch shall be located, who shall, within-days thereafter, examine and review said proposed ditch or water course, and the land adjacent thereto, and forthwith make a report of their proceedings to said probate judge.”
The thirteenth section provides that “ if it shall appear from the report of the commission of review that said ditch or .water course was properly located, and equally awarded in labor and expense by said township trustees, the said ditch or water course shall be cut or opened in said location; and if, from the report of said commission, it shall appear that the said proposed ditch or water course was improperly located, or improperly awarded or apportioned, either as to labor, expense or damage, the same shall be changed and located as shall by the said commission be deemed just.”
¥e think it apparent from these provisions of the act, that the appeal from the decision of the township trustees vacates that decision throughout, upon every question which came properly before the trustees. Their whole action in the case may be reviewed. The appellant may have “ felt aggrieved ” mainly because the trustees decided that a ditch should be located. And if so,, he had a right to have that decision reviewed.
The probate judge having once regularly appointed commissioners of review, who accept the appointment, and discharge their duties under it, his power, quoad hoc, would seem to be exhausted. His final order in the case must conform to the report of the commissioners, regularly made, upon the subject-matter confided to their discretion and judgment, which the statute makes final. He can only look to this report in determining all questions as to *234 the location of tbe ditch, and the apportionment of the work and expenses among the parties. He has no power to review the exercise of the discretion conferred on the commission, much less to supersede the commission and appoint a new one in its stead. His jurisdiction in the case is special, and limited to the statutory grant of power. But we look in vain through this act for any authority to appoint a second commission of review. s
"We do not mean to say that the probate judge could not, after the appointment of the commission, fill vacancies occurring in the body, by death or otherwise, before it became functus officio. No such question is before us. The commissioners in this case fully dischai’ged their functions ; they presented a pertinent report, decisive of the matter in controversy. Their discretion may have been unwisely exercised, but the statute makes their decision final nevertheless, and permits no farther contest, unless by a proceeding de novo.
The proceedings under the second commission of review were, therefore, coram non judice, and the orders made therein were properly reversed by the district court.

Judgment of the district court affirmed.

Swan, Brinkerhoee and Sutliee, JJ"., concurred.